UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | | |
|---|---|---|
| TIESHIA BROCK, | ) | No.  2:16-cv-1334 |
| Plaintiff, | ) | |
| | ) | VERIFICATION OF STATE |
| v. | ) | COURT RECORDS |
| | ) | |
| GROUP HEALTH COOPERATIVE; and DOES | ) | |
| 1-10, inclusive, | ) | |
| | ) | |
| Defendants. | ) | |
| | ) | |

I am counsel for Defendant GROUP HEALTH COOPERATIVE in the above-captioned action.  I hereby verify, pursuant to Local Rule 101, that true and correct copies of all pleadings and other papers filed in the King County Superior Court action are attached hereto as Exhibit A.  This verification is being filed concurrently with the filing of the Notice of Removal, pursuant to Local Rule 101.

DATED this 23rd day of August, 2016.

DAVIS WRIGHT TREMAINE LLP
Attorneys for Defendant Group Health Cooperative

By /s/ Sheehan Sullivan Weiss
    Sheehan Sullivan Weiss, WSBA #33189
    1201 Third Avenue, Suite 2200
    Seattle, WA  98101-3045
    Telephone: (206) 757-8152
    Email:  sheehansullivanweiss@dwt.com

VERIFICATION OF STATE COURT RECORDS
(Case No. 2:16-cv-1334) - 1
DWT 30131547v1 0009887-000072

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

DAVIS WRIGHT TREMAINE LLP
Attorneys for Defendant Group Health
Cooperative

By /s/ Katharine M. Tylee
    Katharine M. Tylee, WSBA #40640
    777 108th Avenue NE, Suite 2300
    Bellevue, Washington  98004-5149
    Telephone: (425) 646-6122
    Email:  katetylee@dwt.com

VERIFICATION OF STATE COURT RECORDS
(Case No. 2:16-cv-1334) - 2
DWT 30131547v1 0009887-000072

Davis Wright Tremaine LLP
LAW OFFICES
Suite 2200 · 1201 Third Avenue
Seattle, Washington  98101-3045
(206) 622-3150 · Fax: (206) 757-7700

### CERTIFICATE OF SERVICE

I hereby certify that on August 45tf , 2016, I electronically filed the foregoing with the

Clerk of the Court using the CM/ECF system which will send notification of such filing to the

below attorney of record for plaintiff.

Darryl Parker
Civil Rights Justice Center, PLLC
2150 N. 107th Street, Suite 520
Seattle, WA 98133
Phone:  206-557-7719
Fax:  206-659-0183

DATED this 45tf  day of August, 2016.

Victoria White
_____
Victoria White

VERIFICATION OF STATE COURT RECORDS
(Case No. 2:16-cv-1334) - 3
DWT 30131547v1 0009887-000072

# EXHIBIT A

FILED

16 JUL 20 PM 12:21

KING COUNTY
SUPERIOR COURT CLERK
E-FILED
CASE NUMBER: 16-2-17302-1 SEA

SUPERIOR COURT OF WASHINGTON
COUNTY OF KING

| | |
|---|---|
| Tieshia Brock | NO. 16-2-17302-1 SEA |
| VS | |
| Group Health Cooperative, et al | CASE INFORMATION COVER SHEET AND AREA DESIGNATION |

CAUSE OF ACTION

**(MSC) -**    OTHER COMPLAINT/PETITION (MSC 2)

AREA DESIGNATION

**SEATTLE -**   Defined as all King County north of Interstate 90 and including all of Interstate 90 right of way, all of the cities of Seattle, Mercer Island, Issaquah, and North Bend, and all of Vashon and Maury Islands.

**FILED**

16 JUL 20 PM 12:21

KING COUNTY
SUPERIOR COURT CLERK
E-FILED
CASE NUMBER: 16-2-17302-1 SEA

IN THE SUPERIOR COURT OF THE STATE OF WASHINGTON
IN AND FOR THE COUNTY OF KING

| | |
|---|---|
| TIESHIA BROCK,<br>                    Plaintiff,<br><br>         vs.<br><br>GROUP HEALTH COOPERATIVE; and<br>DOES 1-10, inclusive,<br><br>                    Defendants. | )<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>) |

No.

**SUMMONS**

**TO:    GROUP HEALTH COOPERATIVE**

A lawsuit has been started against you in the above-entitled court.

Plaintiff's claims are stated in the written Complaint for Damages, a copy of which is

served upon you with this Summons.

In order to defend against this lawsuit, you must respond to the Complaint by stating your

defense in writing, and by serving a copy upon the person signing this Summons within 20 days

after the service of this Summons, or within 60 days if this Summons was served outside the

State of Washington, excluding the day of service, or a default judgment may be entered against

SUMMONS - 1

**Civil Rights Justice Center PLLC**
2150 N 107th Street, Suite 520
Seattle, Washington 98133
(206) 557-7719 / Fax: (206) 659-0183

1   you without notice.  A default judgment is one where Plaintiff is entitled to what has been asked

2   for because you have not responded.  If you serve a notice of appearance on the undersigned

3   person, you are entitled to notice before a default judgment may be entered.  A copy of your

4   answer and all other responsive pleadings must be filed with the Court.

5       If you wish to seek the advice of an attorney in this matter, you should do so promptly so

6   that your written response, if any, may be served on time.

7       THIS SUMMONS is issued pursuant to Civil Rule 4, Rules for Superior Court, State of

8   Washington.

9       DATED this 20th day of July, 2016.

10          CIVIL RIGHTS JUSTICE CENTER, PLLC

11

12          _____

13          Darryl Parker, WSBA #30770
            Attorney for Plaintiff Segura

14          2150 North 107th St. Ste. 520
            Seattle, WA 98133

15          Tel: (206) 557-7719 / Fax: (206) 659-0183
            dparker@civilrightsjusticecenter.com

16          Attorneys for Plaintiff

17

18

19

20

21

22

23

SUMMONS - 2

FILED

16 JUL 20 PM 12:21

KING COUNTY
SUPERIOR COURT CLERK
E-FILED
CASE NUMBER: 16-2-17302-1 SEA

IN THE SUPERIOR COURT OF THE STATE OF WASHINGTON
IN AND FOR THE COUNTY OF KING

| | |
|---|---|
| TIESHIA BROCK,<br><br>            Plaintiff,<br><br>      vs.<br><br>GROUP HEALTH COOPERATIVE; and<br>DOES 1-10, inclusive,<br><br>          Defendants. | )<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>) | No.<br><br>**COMPLAINT FOR DAMAGES**<br>(Disability Discrimination) |

## INTRODUCTION

1.    This is an action for damages pursuant to the Washington Law Against Discrimination, RCW 49.60 *et seq.* ("WLAD") against plaintiff Tieshia Brock's former employer, Group Health Cooperative, who, through its intentional discriminatory conduct towards her on the basis of her disability, caused plaintiff to suffer deprivations of her civil and statutory rights as well as financial losses and emotional distress.

**Civil Rights Justice Center PLLC**
2150 N 107th Street, Suite 520
Seattle, Washington  98133
(206) 557-7719 / Fax: (206) 659-0183

## VENUE

2.      Defendant Group Health Cooperative's principal place of business is in Seattle, Washington, within the geographical boundaries of King County.  Thus the appropriate forum for this matter is the Seattle Courthouse.

3.      At all times herein mentioned, defendant Group Health Cooperative was doing substantial business in, and availing itself of business opportunities and commercial benefits in, King County, Washington.

## PARTIES

4.      At all times hereinafter mentioned, plaintiff Tieshia Brock was an adult female resident of the State of Washington, residing in the city of Kent within King County.

5.      At all times hereinafter mentioned, defendant Group Health Cooperative ("GHC") was a member-governed nonprofit cooperative healthcare organization with its headquarters in Seattle, Washington.

## FACTS SUPPORTING CLAIMS

6.      Defendant GHC is the 20th largest employer in Washington State, serving over 600,000 people.

7.      Plaintiff Tieshia Brock began working for GHC on January 9, 2009, as a Coordinated Procedural Scheduler.

8.      On June 17, 2012, plaintiff began working for GHC as a Lab Assistant.

9.      On February 14, 2015, plaintiff was in a serious car accident and suffered injuries which temporarily rendered her unable to work.

10.     Plaintiff took FMLA leave beginning February 16, 2015, which was her first scheduled work shift after her accident, and ending February 22, 2015; defendant GHC approved

COMPLAINT FOR DAMAGES
- 2

Civil Rights Justice Center PLLC
2150 N 107th Street, Suite 520
Seattle, Washington  98133
(206) 557-7719 / Fax: (206) 659-0183

1    this leave. When plaintiff was not sufficiently well to return to work after February 22, 2015,

2    GHC's claims examiner requested a recertification from plaintiff to cover the period from

3    February 23, 2015 onward. Plaintiff was given a due date of March 6, 2015, to return the

4    recertification papers, which is only 7 days. Under 29 CFR § 825.308(d), plaintiff should have

5    been given at least 15 days to return the recertification papers.

6        11.    As a result of plaintiff's failure to return the recertification papers by March 6,

7    2015, defendant GHC retroactively denied plaintiff FMLA leave from February 23, 2015

8    through March 17, 2015.

9        12.    Plaintiff filed a complaint with the U.S. Department of Labor, Wage and Hour

10   Division, regarding defendant's denial of her FMLA leave on April 14, 2015. On September 23,

11   2015, the Division issued a decision stating that defendant GHC had in fact violated plaintiff's

12   FMLA rights.

13       13.    On October 2, 2015, plaintiff was diagnosed with Pseudotumor Cerebri, also

14   known as Idiopathic Intracranial Hypertension, which is a neurological disorder that mimics the

15   symptoms of a brain tumor. The disorder is of unknown etiology, and is caused by an increase in

16   intracranial pressure inside the skull.

17       14.    The symptoms of Pseudotumor Cerebri include swelling of the optic nerve

18   resulting in vision loss; headache that can mimic the symptoms of a brain tumor; nausea,

19   dizziness, and vomiting; auditory disturbances including a pulsating sound from within the ears;

20   and vision disturbances, including double vision, seeing flashes of light, and brief episodes of

21   blindness.

22       15.    Plaintiff requested an accommodation from defendant GHC on October 28, 2015.

23   GHC placed her on paid administrative leave for a short time.

COMPLAINT FOR DAMAGES
- 3

16.     Plaintiff was to return to work on November 16, 2015; unfortunately, plaintiff needed a spinal tap for her disorder, and a spinal tap was performed on November 17, 2015. Plaintiff experienced complications from this spinal tap, including leaking cerebrospinal fluid. As a result, plaintiff was not able to return to work.

17.     On March 16, 2016, Dr. Ito, plaintiff's physician, provided written notice to defendant GHC that she required certain reasonable accommodations. The requested accommodations included a reduced work schedule, breaks if she had severe headaches, a magnifying glass, and a limit of five hours of continuous computer use per shift.

18.     Barely two days later, on March 18, 2016, GHC notified plaintiff that it could not accommodate her, and placed her on unpaid leave beginning March 21, 2016.

19.     Defendant GHC could not possibly have engaged in an interactive process with plaintiff regarding her need for a reasonable accommodation in two days.

20.     Defendant GHC refused to accommodate plaintiff because she filed a complaint with the U.S. Department of Labor when defendant denied her FMLA leave to which she was entitled.

## FIRST CLAIM FOR RELIEF

### (Disability Discrimination - WLAD)

21.     Plaintiff incorporates by reference herein the allegations set forth in paragraphs 1 through 20 with the same force and effect as if such paragraphs were separately realleged in this First Claim for Relief.

22.     Plaintiff suffers from Pseudotumor Cerebri, a disabling condition.

23.     Plaintiff made defendant aware of her need for a reasonable accommodation by providing a letter from Dr. Ito stating she could return to work with some restrictions.

COMPLAINT FOR DAMAGES
- 4

Civil Rights Justice Center PLLC
2150 N 107th Street, Suite 520
Seattle, Washington 98133
(206) 557-7719 / Fax: (206) 659-0183

24.     Defendant received Dr. Ito's written description of those restrictions on March 16, 2016. Barely two days later, on March 18, 2016, defendant declined to accommodate plaintiff, instead placing her on unpaid leave.

25.     Because defendant failed to engage in an interactive process with plaintiff, reaching its decision not to accommodate her in a mere two days, plaintiff has been denied the rights and privileges that would allow her to hold employment equally with persons who do not have disabilities.

26.     Defendant, the 20th largest employer in Washington State, could easily have accommodated plaintiff's disability.

27.     As a direct and proximate result of defendant's discriminatory actions against plaintiff, as alleged above, she has suffered severe emotional distress, humiliation, mental anguish, anxiety, mortification, loss of good health, loss of sleep, and emotional and physical distress, and has been injured in an amount according to proof at trial.

28.     As a further direct and proximate result of defendant's discriminatory actions against plaintiff, as alleged above, she has suffered lost wages and lost health benefits, plus interest, in a monetary amount according to proof at trial.

## SECOND CLAIM FOR RELIEF

### (Retaliation - WLAD)

29.     Plaintiff incorporates by reference herein the allegations set forth in paragraphs 1 through 28 with the same force and effect as if such paragraphs were separately realleged in this Second Claim for Relief.

30.     Plaintiff, a person with a disability, requested that defendant accommodate her by permitting her to work with restrictions as requested by her treating physician.

COMPLAINT FOR DAMAGES
- 5

Civil Rights Justice Center PLLC
2150 N 107th Street, Suite 520
Seattle, Washington 98133
(206) 557-7719 / Fax: (206) 659-0183

31.     Defendant, who did not want to bother engaging in an interactive process to accommodate plaintiff, simply placed her on unpaid leave without medical benefits.

32.     Defendant's actions were taken in retaliation for plaintiff's inability to work while suffering from the effects of and treatment for Pseudotumor Cerebri, and for her requesting an accommodation to return to work.

33.     As a direct and proximate result of defendant's discriminatory actions against plaintiff, as alleged above, plaintiff has been emotionally harmed in that plaintiff has suffered humiliation, mental anguish, anxiety, mortification, loss of good health, loss of sleep, and emotional and physical distress, and has been injured in mind and body in an amount according to proof at trial.

34.     As a further direct and proximate result of defendant's discriminatory actions against plaintiff, she has suffered lost wages and lost health benefits, plus interest, in a monetary amount according to proof at trial.

### THIRD CLAIM FOR RELIEF

(Interference with Federal Rights under the Family and Medical Leave Act)

35.     Plaintiff incorporates by reference herein the allegations set forth in paragraphs 1 through 34 with the same force and effect as if such paragraphs were separately realleged in this Third Claim for Relief.

36.     Plaintiff was denied the medical leave under the FMLA to which she was entitled when defendant GHC retroactively disapproved her request for leave following her auto accident.

37.     Defendant's stated reason for denying plaintiff her FMLA leave was that she had failed to return the recertification papers on time. Defendant GHC gave plaintiff only 7 days,

Civil Rights Justice Center PLLC
2150 N 107th Street, Suite 520
Seattle, Washington 98133
(206) 557-7719 / Fax: (206) 659-0183

1   from February 27, 2015 to March 6, 2015, to return her recertification papers, instead of the

2   minimum 15 days required by 29 CFR § 825.308(d).

3      38.     As a proximate result of defendant's actions as alleged above, plaintiff has been

4   harmed in that she has suffered a loss of wages, salary, medical benefits, and additional amounts

5   she would have received if her leave had been granted, plus interest.

6      39.     As a result of the above interference with plaintiff's FMLA rights, plaintiff has

7   suffered damages in an amount according to proof at trial.

8      40.     As a further proximate result of defendant's actions as alleged above, plaintiff has

9   been harmed in that she has suffered humiliation, mental anguish, anxiety, mortification, loss of

10  good health, and has been injured in mind and body as follows: plaintiff has suffered severe and

11  continuing shock to her nervous system, stomach and head pain, and loss of sleep, all to her

12  damage in an amount according to proof at trial.

13                          **FOURTH CLAIM FOR RELIEF**

14                  (Retaliation for Protected Activities under the FMLA)

15     41.     Plaintiff incorporates by reference herein the allegations set forth in paragraphs 1

16  through 40 with the same force and effect as if such paragraphs were separately realleged in this

17  Fourth Claim for Relief.

18     42.     Plaintiff was placed on unpaid leave after her diagnosis of Pseudotumor Cerebri

19  in part because she engaged in the protected activity of filing a complaint with the U.S.

20  Department of Labor when defendant GHC violated her rights under the FMLA.

21     43.     Defendant GHC's actions were retaliatory.

22

23

COMPLAINT FOR DAMAGES
- 7

Civil Rights Justice Center PLLC
2150 N 107th Street, Suite 520
Seattle, Washington 98133
(206) 557-7719 / Fax: (206) 659-0183

44.     As a proximate result of defendant's actions as alleged above, plaintiff has been harmed in that she has suffered a loss of wages, salary, medical benefits, and additional amounts she would have received if defendant had not placed her on unpaid leave, plus interest.

45.     As a result of such retaliation against plaintiff for complaining of defendant's violations of the FMLA, plaintiff has suffered damages in an amount to be proved at trial.

46.     As a further proximate result of defendant's actions as alleged above, plaintiff has been harmed in that she has suffered humiliation, mental anguish, anxiety, mortification, loss of good health and emotional and physical distress, and has been injured in mind and body as follows: plaintiff has suffered severe and continuing shock to her nervous system, stomach and head pain, and loss of sleep, all to her damage in an amount according to proof at trial.

## **PRAYER**

**WHEREFORE**, Plaintiff prays for judgment against defendant, as follows:

A.     For compensatory, general and special damages in an amount according to proof at trial;

B.     Lost wages in an amount according to proof at trial;

C.     Medical expenses in an amount according to proof at trial;

D.     For prejudgment interest on all damages;

E.     For plaintiff's costs of suit, including statutory attorney's fees;

F.     For all other relief to which plaintiff is entitled in law or equity; and

G.     For such further relief as this Court deems appropriate.

COMPLAINT FOR DAMAGES
- 8

Civil Rights Justice Center PLLC
2150 N 107th Street, Suite 520
Seattle, Washington 98133
(206) 557-7719 / Fax: (206) 659-0183

1    DATED:  July 20, 2016

2                                          CIVIL RIGHTS JUSTICE CENTER, PLLC

3

4                                          _____
                                           **Darryl Parker**, WSBA #30770
5                                          Attorneys for Plaintiff

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

COMPLAINT FOR DAMAGES
- 9

Civil Rights Justice Center PLLC
2150 N 107th Street, Suite 520
Seattle, Washington  98133
(206) 557-7719 / Fax: (206) 659-0183

FILED

16 JUL 20 PM 12:21

KING COUNTY
SUPERIOR COURT CLERK
E-FILED
CASE NUMBER: 16-2-17302-1 SEA

## IN THE SUPERIOR COURT OF THE STATE OF WASHINGTON
## IN AND FOR THE COUNTY OF KING

| | |
|---|---|
| Tieshia Brock<br><br>                                   Plaintiff(s),<br><br>vs.<br><br>Group Health Cooperative, et al<br><br>                              Respondent(s) | NO.    16-2-17302-1 SEA<br>ORDER SETTING CIVIL CASE SCHEDULE<br><br>ASSIGNED JUDGE:  Parisien, Sue, Dept. 42<br><br>FILED DATE: 7/20/2016<br>TRIAL DATE: 7/17/2017<br>SCOMIS CODE:  *ORSCS |

A civil case has been filed in the King County Superior Court and will be managed by the Case Schedule on Page 3 as ordered by the King County Superior Court Presiding Judge.

## I. NOTICES

**NOTICE TO PLAINTIFF:** The Plaintiff may serve a copy of this **Order Setting Case Schedule (***Schedule***)** on the Defendant(s) along with the ***Summons and Complaint/Petition***. Otherwise, the Plaintiff *shall* serve the *Schedule* on the Defendant(s) within 10 days after the later of: (1) the filing of the ***Summons and Complaint/Petition*** or (2) service of the Defendant's first response to the ***Complaint/Petition***, whether that response is a *Notice of Appearance*, a response, or a Civil Rule 12 (CR 12) motion. The ***Schedule*** may be served by regular mail, with proof of mailing to be filed promptly in the form required by Civil Rule 5 (CR 5).

**"I understand that I am required to give a copy of these documents to all parties in this case."**

| | |
|---|---|
| PRINT NAME | SIGN NAME |

## I. NOTICES  (continued)

**NOTICE  TO ALL PARTIES:**
All attorneys and parties should make themselves familiar  with the King County Local Rules [*KCLCR*] -- especially those referred to in this *Schedule*. In order to comply with the *Schedule*, it will be necessary for attorneys and parties to pursue their cases vigorously from the day the case is filed. For example,  discovery must be undertaken promptly in order to comply  with the deadlines for joining additional parties, claims , and defenses, for disclosing possible witnesses [*See KCLCR 26*], and for meeting the discovery cutoff date [*See KCLCR 37(g)*].

**CROSSCLAIMS, COUNTERCLAIMS AND THIRD PARTY COMPLAINTS:**
A filing fee of **$240** must be paid when any answer that includes additional claims  is filed in an existing case.

**KCLCR  4.2(a)(2)**
A Confirmation  of Joinder, Claims  and Defenses or a Statement of Arbitrability must be filed by the deadline in the schedule.  The court will  review the confirmation  of joinder document to determine if a hearing is required.  If a Show Cause order is issued, all parties cited in the order must appear before their Chief Civil  Judge.

**PENDING  DUE DATES CANCELED BY FILING  PAPERS THAT RESOLVE THE CASE:**
When a final decree, judgment, or order of dismissal of all parties and claims  is filed with the Superior Court Clerk's Office,  and a courtesy copy delivered to the assigned judge, all pending due dates in this *Schedule* are automatically canceled, including the scheduled Trial Date. It is the responsibility of the parties to 1) file  such dispositive documents within 45 days of the resolution of the case, and 2) strike any pending motions by notifying the bailiff  to the assigned judge.

 Parties may also authorize the Superior Court to strike all pending due dates and the Trial Date by filing  a *Notice of Settlement* pursuant to KCLCR  41, and forwarding  a courtesy copy to the assigned judge. If a final decree, judgment or order of dismissal of all parties and claims  is not filed by 45 days after a *Notice of Settlement*, the case may  be dismissed with notice.

**If you miss your scheduled Trial Date**, the Superior Court Clerk  is authorized by KCLCR  41(b)(2)(A)  to present an *Order of Dismissal*, without notice, for failure  to appear at the scheduled Trial Date.

**NOTICES  OF APPEARANCE  OR WITHDRAWAL  AND ADDRESS  CHANGES:**
*All parties to this action must keep the court informed of their addresses*. When a Notice of Appearance/Withdrawal or Notice of Change of Address is filed with the Superior Court Clerk's Office,  parties must provide the assigned judge with a courtesy copy.

 **ARBITRATION  FILING  AND TRIAL DE NOVO POST ARBITRATION FEE:**
A Statement of Arbitrability  must be filed by the deadline on the schedule **if the case is subject to mandatory arbitration**  and service of the original complaint  and all answers to claims, counterclaims  and cross-claims have been filed.  If mandatory arbitration is required after the deadline, parties must obtain an order from the assigned judge transferring the case to arbitration. **Any party  filing a Statement must pay a $220 arbitration fee**. If a party seeks a trial de novo when an arbitration award is appealed, a fee of $250 and the request for trial de novo must be filed with the Clerk's  Office Cashiers.

**NOTICE OF NON-COMPLIANCE  FEES:**
All parties will  be assessed a fee authorized by King County Code 4A.630.020  whenever the Superior Court Clerk  must send notice of non-compliance of schedule requirements and/or Local Civil Rule 41.

**King County Local Rules are available  for viewing at  www.kingcounty.gov/courts/clerk.**

## II. CASE SCHEDULE

| √ | CASE EVENTS | DATE |
|---|---|---|
| | Case Filed and Schedule Issued. | 7/20/2016 |
| √ | Last Day for Filing Statement of Arbitrability without a Showing of Good Cause for Late Filing [See KCLMAR2.1(a) and Notices on page 2]. **$220 Arbitration fee must be paid** | 12/28/2016 |
| √ | **DEADLINE** to file Confirmation of Joinder if not subject to Arbitration [See KCLCR 4.2(a) and Notices on page 2] | 12/28/2016 |
| | **DEADLINE** for Hearing Motions to Change Case Assignment Area [KCLCR 82(e)] | 1/11/2017 |
| | **DEADLINE** for Disclosure of Possible Primary Witnesses [See KCLCR 26(b)] | 2/13/2017 |
| | **DEADLINE** for Disclosure of Possible Additional Witnesses [KCLCR 26(b)] | 3/27/2017 |
| | **DEADLINE** for Jury Demand [See KCLCR 38(b)(2)] | 4/10/2017 |
| | **DEADLINE** for Change in Trial Date [See KCLCR 40(e)(2)] | 4/10/2017 |
| | **DEADLINE** for Discovery Cutoff [See KCKCR 37(g)] | 5/30/2017 |
| | **DEADLINE** for Engaging in Alternative Dispute Resolution [See KCLCR16(b)] | 6/19/2017 |
| | **DEADLINE** for Exchange Witness & Exhibit Lists & Documentary Exhibits [See KCLCR 4(j)] | 6/26/2017 |
| √ | **DEADLINE** to file Joint Confirmation of Trial Readiness [See KCLCR 16(a)(1)] | 6/26/2017 |
| | **DEADLINE** for Hearing Dispositive Pretrial Motions [See KCLCR 56;CR56] | 7/3/2017 |
| √ | Joint Statement of Evidence [See KCLCR 4(k)] | 7/10/2017 |
| | **DEADLINE** for filing Trial Briefs, Proposed Findings of Fact and Conclusions of Law and Jury Instructions (Do not file proposed Findings of Fact and Conclusion of Law with the Clerk) | 7/10/2017 |
| | Trial Date [See KCLCR 40] | 7/17/2017 |

The √ indicates a document that must be filed with the Superior Court Clerk's Office by the date shown.

## III. ORDER

Pursuant to King County Local Rule 4 [*KCLCR 4*], IT IS ORDERED that the parties shall comply with the schedule listed above. Penalties, including but not limited to sanctions set forth in Local Rule 4(g) and Rule 37 of the Superior Court Civil Rules, may be imposed for non-compliance. It is FURTHER ORDERED that the party filing this action **must** serve this *Order Setting Civil Case Schedule* and attachment on all other parties.

DATED:   7/20/2016

_____
PRESIDING JUDGE

## IV. ORDER ON CIVIL PROCEEDINGS FOR ASSIGNMENT TO JUDGE

**READ THIS ORDER BEFORE CONTACTING YOUR ASSIGNED JUDGE.**
This case is assigned to the Superior Court Judge whose name appears in the caption of this case schedule. The assigned Superior Court Judge will preside over and manage this case for all pretrial matters.

**COMPLEX LITIGATION:** If you anticipate an unusually complex or lengthy trial, please notify the assigned court as soon as possible.

**APPLICABLE RULES:** Except as specifically modified below, all the provisions of King County Local Civil Rules 4 through 26 shall apply to the processing of civil cases before Superior Court Judges. The local civil rules can be found at www.kingcounty.gov/courts/clerk/rules/Civil.

**CASE SCHEDULE AND REQUIREMENTS:** Deadlines are set by the case schedule, issued pursuant to Local Civil Rule 4.

**THE PARTIES ARE RESPONSIBLE FOR KNOWING AND COMPLYING WITH ALL DEADLINES IMPOSED BY THE COURT'S LOCAL CIVIL RULES.**

### A. Joint Confirmation regarding Trial Readiness Report
No later than twenty one (21) days before the trial date, parties shall complete and file (with a copy to the assigned judge) a joint confirmation report setting forth whether a jury demand has been filed, the expected duration of the trial, whether a settlement conference has been held, and special problems and needs (e.g., interpreters, equipment).

The Joint Confirmation Regarding Trial Readiness form is available at www.kingcounty.gov/courts/scforms. If parties wish to request a CR 16 conference, they must contact the assigned court. Plaintiff's/petitioner's counsel is responsible for contacting the other parties regarding the report.

### B. Settlement/Mediation/ADR
a. Forty five (45) days before the trial date, counsel for plaintiff/petitioner shall submit a written settlement demand. Ten (10) days after receiving plaintiff's/petitioner's written demand, counsel for defendant/respondent shall respond (with a counter offer, if appropriate).

b. Twenty eight (28) days before the trial date, a Settlement/Mediation/ADR conference shall have been held. FAILURE TO COMPLY WITH THIS SETTLEMENT CONFERENCE REQUIREMENT MAY RESULT IN SANCTIONS.

### C. Trial
Trial is scheduled for 9:00 a.m. on the date on the case schedule or as soon thereafter as convened by the court. The Friday before trial, the parties should access the court's civil standby calendar on the King County Superior Court website www.kingcounty.gov/courts/superiorcourt to confirm the trial judge assignment.

## MOTIONS PROCEDURES

### A. Noting of Motions

**Dispositive Motions:** All summary judgment or other dispositive motions will be heard with oral argument before the assigned judge. The moving party must arrange with the hearing judge a date and time for the hearing, consistent with the court rules. Local Civil Rule 7 and Local Civil Rule 56 govern procedures for summary judgment or other motions that dispose of the case in whole or in part. The local civil rules can be found at www.kingcounty.gov/courts/clerk/rules/Civil.

**Non-dispositive Motions:** These motions, which include discovery motions, will be ruled on by the assigned judge without oral argument, unless otherwise ordered. All such motions must be noted for a date by which the ruling is requested; this date must likewise conform to the applicable notice requirements. Rather than noting a time of day, the

Note for Motion should state "Without Oral Argument." Local Civil Rule 7 governs these motions, which include discovery motions. The local civil rules can be found at www.kingcounty.gov/courts/clerk/rules/Civil.

**Motions in Family Law Cases not involving children:** Discovery motions to compel, motions in limine, motions relating to trial dates and motions to vacate judgments/dismissals shall be brought before the assigned judge. All other motions should be noted and heard on the Family Law Motions calendar. Local Civil Rule 7 and King County Family Law Local Rules govern these procedures. The local rules can be found at www.kingcounty.gov/courts/clerk/rules.

**Emergency Motions:** Under the court's local civil rules, emergency motions will usually be allowed only upon entry of an Order Shortening Time. However, some emergency motions may be brought in the Ex Parte and Probate Department as expressly authorized by local rule. In addition, discovery disputes may be addressed by telephone call and without written motion, if the judge approves in advance.

**B. Original Documents/Working Copies/ Filing of Documents: All original documents must be filed with the Clerk's Office.** Please see information on the Clerk's Office website at www.kingcounty.gov/courts/clerk regarding the requirement outlined in LGR 30 that attorneys must e-file documents in King County Superior Court. The exceptions to the e-filing requirement are also available on the Clerk's Office website. The local rules can be found at www.kingcounty.gov/courts/clerk/rules.

The working copies of all documents in support or opposition must be marked on the upper right corner of the first page with the date of consideration or hearing and the name of the assigned judge. The assigned judge's working copies must be delivered to his/her courtroom or the Judges' mailroom. Working copies of motions to be heard on the Family Law Motions Calendar should be filed with the Family Law Motions Coordinator. Working copies can be submitted through the Clerk's office E-Filing application at www.kingcounty.gov/courts/clerk/documents/eWC.

**Service of documents:** Pursuant to Local General Rule 30(b)(4)(B), e-filed documents shall be electronically served through the e-Service feature within the Clerk's eFiling application. Pre-registration to accept e-service is required. E-Service generates a record of service document that can be e-filed. Please see the Clerk's office website at www.kingcounty.gov/courts/clerk/documents/efiling regarding E-Service.

**Original Proposed Order:** Each of the parties must include an original proposed order granting requested relief with the working copy materials submitted on any motion. **Do not file the original of the proposed order with the Clerk of the Court**. Should any party desire a copy of the order as signed and filed by the judge, a pre-addressed, stamped envelope shall accompany the proposed order. The court may distribute orders electronically. Review the judge's website for information: www.kingcounty.gov/courts/SuperiorCourt/judges.

**Presentation of Orders for Signature:** All orders must be presented to the assigned judge or to the Ex Parte and Probate Department, in accordance with Local Civil Rules 40 and 40.1. Such orders, if presented to the Ex Parte and Probate Department, shall be submitted through the E-Filing/Ex Parte via the Clerk application by the attorney(s) of record. E-filing is not required for self-represented parties (non-attorneys). If the assigned judge is absent, contact the assigned court for further instructions. If another judge enters an order on the case, counsel is responsible for providing the assigned judge with a copy.

**Proposed orders finalizing settlement and/or dismissal by agreement of all parties shall be presented to the Ex Parte and Probate Department.** Such orders shall be submitted through the E-Filing/Ex Parte via the Clerk application by the attorney(s) of record. E-filing is not required for self-represented parties (non-attorneys). Formal proof in Family Law cases must be scheduled before the assigned judge by contacting the bailiff, or formal proof may be entered in the Ex Parte Department. **If final order and/or formal proof are entered in the Ex Parte and Probate Department, counsel is responsible for providing the assigned judge with a copy.**

**C. Form**
Memoranda/briefs for matters heard by the assigned judge may not exceed twenty four (24) pages for dispositive motions and twelve (12) pages for non-dispositive motions, unless the assigned judge permits over-length memoranda/briefs in advance of filing. Over-length memoranda/briefs and motions supported by such memoranda/briefs may be stricken.

*IT IS SO ORDERED.  FAILURE TO COMPLY WITH THE PROVISIONS  OF THIS ORDER MAY RESULT IN DISMISSAL OR OTHER SANCTIONS.  PLAINTIFF/PEITITONER  SHALL FORWARD A COPY OF THIS ORDER AS SOON  AS PRACTICABLE TO ANY PARTY WHO HAS NOT RECEIVED THIS ORDER.*

**PRESIDING  JUDGE**

FILED

16 JUL 20 PM 12:21

KING COUNTY
SUPERIOR COURT CLERK
E-FILED
CASE NUMBER: 16-2-17302-1 SEA

## KING COUNTY SUPERIOR COURT
## CASE ASSIGNMENT DESIGNATION
### and
## CASE INFORMATION COVER SHEET
### (cics)

In accordance with LCR82 (e), a faulty document fee of $15 will be assessed to new case filings missing this sheet pursuant to King County Code 4A.630.060.

CASE NUMBER: _____

CASE CAPTION: <u>Tieshia Brock vs. Group Health Cooperative, et al.</u>

I certify that this case meets the case assignment criteria, described in King County LCR 82(e), for the:

____X____ **Seattle Area**, defined as:

> All of King County north of Interstate 90 and including all of the Interstate 90 right-of-way; all the cities of Seattle, Mercer Island, Bellevue, Issaquah and North Bend; and all of Vashon and Maury Islands.

_____ **Kent Area**, defined as:

> All of King County south of Interstate 90 except those areas included in the Seattle Case Assignment Area.

_____

Signature of Petitioner/Plaintiff

or

_____
Signature of Attorney for
Petitioner/Plaintiff

_____    Date

July 20, 2016    
Date

30770_____
WSBA Number

**KING COUNTY SUPERIOR COURT**
**CASE ASSIGNMENT DESIGNATION**
and
**CASE INFORMATION COVER SHEET**

Please check <u>one</u> category that best describes this case for indexing purposes.  Accurate case indexing not only saves time but also helps in forecasting judicial resources.  A faulty document fee of $15 will be assessed to new case filings missing this sheet pursuant to Administrative Rule 2 and King County Code 4A.630.060.

**ADOPTION/PARENTAGE**

- Adoption (ADP 5)
- Challenge to Acknowledgment of Parentage (PAT 5)*
- Challenge to Denial of Parentage (PAT 5)*
- Confidential Intermediary (MSC 5)
- Establish Parenting Plan-Existing King County Paternity (MSC 5)*
- Initial Pre-Placement Report (PPR 5)
- Modification (MOD 5)*
- Modification-Support Only (MDS 5)*
- Parentage, Establish/Disestablish  (PAT 5)*
- Parentage /UIFSA (PUR 5)*
- Relinquishment (REL 5)
- Relocation Objection/Modification (MOD 5)*
- Rescission of Acknowledgment of Parentage (PAT 5)*
- Rescission of Denial of Parentage (PAT 5)*
- Termination of Parent-Child Relationship (TER 5)

**APPEAL/REVIEW**

- Administrative Law Review (ALR 2)*
- DOL Implied Consent—Test Refusal –only RCW 46.20.308  (DOL 2)*

**CONTRACT/COMMERCIAL**

- Breach of Contract (COM 2)*
- Commercial Contract (COM 2)*
- Commercial Non-Contract (COL 2)*
- Third Party Collection (COL 2)*

**DOMESTIC RELATIONS**

- Annulment/Invalidity (INV3)*
- with dependent children? Y / N; wife pregnant? Y / N
- Committed Intimate Relationship No Children (CIR 3)*
- Dissolution With Children  (DIC 3)*
- Dissolution With No Children (DIN 3)*
- wife pregnant? Y /  N
- Enforcement/Show Cause- Out of County (MSC 3)
- Establish Parenting Plan- includes CIR with Children (PPS 3)* ££
- Establish Support Only (PPS 3)* ££
- Legal Separation (SEP 3)*
- with dependent children? Y / N; wife pregnant? Y / N
- Mandatory Wage Assignment (MWA 3)
- Modification (MOD 3)*
- Modification - Support Only (MDS 3)*
- Nonparental Custody (CUS 3)*
- Out-of-state Custody Order Registration (OSC 3)
- Out-of-State Support Court Order Registration (FJU 3)
- Relocation Objection/Modification (MOD 3)*

**DOMESTIC PARTNERSHIPS-REGISTERED**

- Dissolution of Domestic Partnership With Children (DPC 3)'
- Dissolution of Domestic Partnership- No Children- (DPN3)*    pregnant? Y / N
- Invalidity of Domestic Partnership (INP 3)*
- with dependent children? Y / N; pregnant? Y / N
- Legal Separation of Domestic Partnership (SPD 3)*
- with dependent children? Y / N; pregnant? Y / N

**DOMESTIC VIOLENCE/ANTIHARASSMENT**

- Certificate and Order of Discharge and for Issuance of a Separate No-Contact Order pursuant to RCW 9.94A.637.
- Civil Harassment (HAR 2)
- Domestic Violence (DVP 2)
- Domestic Violence with Children (DVC 2)
- Foreign Protection Order (FPO 2)
- Sexual Assault Protection Order (SXP 2)
- Vulnerable Adult Protection (VAP 2)

**KING COUNTY SUPERIOR COURT**
**CASE ASSIGNMENT DESIGNATION**
**and**
**CASE INFORMATION COVER SHEET**
Please check one category that best describes this case for indexing purposes.

**JUDGMENT**

- [ ] Confession of Judgment (MSC 2)*
- [ ] Judgment, Another County, Abstract (ABJ 2)
- [ ] Judgment, Another State or Country (FJU 2)
- [ ] Tax Warrant (TAX 2)
- [ ] Transcript of Judgment (TRJ 2)

**PROPERTY RIGHTS**

- [ ] Condemnation/Eminent Domain (CON 2)*
- [ ] Foreclosure (FOR 2)*
- [ ] Land Use Petition (LUP 2)*
- [ ] Property Fairness (PFA 2)*
- [ ] Quiet Title (QTI 2)*
- [ ] Residential Unlawful Detainer (UND 2)
- [ ] Non-Residential Unlawful Detainer (UND 2)

**OTHER COMPLAINT/PETITION**

- [ ] Action to Compel/Confirm Private Binding Arbitration (MSC 2)
- [ ] Certificate of Rehabilitation (MSC 2)
- [ ] Change of Name-Sealed (CHN 5)
- [ ] Deposit of Surplus Funds (MSC 2)
- [ ] Emancipation of Minor (EOM 2)
- [ ] Frivolous Claim of Lien (MSC 2)
- [ ] Injunction (INJ 2)*
- [ ] Interpleader (MSC 2)
- [ ] Malicious Harassment (MHA 2)*
- [X] Other Complaint/Petition(MSC 2)*
- [ ] Public Records Act (PRA 2)*
- [ ] Receivership (MSC 2)
- [ ] School District-Required Action Plan (SDR 2)
- [ ] Seizure of Property from the Commission of a Crime (SPC 2)*
- [ ] Seizure of Property Resulting from a Crime (SPR 2)*
- [ ] Structured Settlements (MSC 2)*
- [ ] Subpoena (MSC 2)
- [ ] Vehicle Ownership (MSC2)*

**PROBATE/GUARDIANSHIP**

- [ ] Absentee (ABS 4)
- [ ] Disclaimer (DSC4)

- [ ] Estate (EST 4)
- [ ] Foreign Will (FNW 4)
- [ ] Guardian (GDN4)
- [ ] Limited Guardianship (LGD 4)
- [ ] Minor Settlement (MST 4)
- [ ] Notice to Creditors -- Only (NNC 4)
- [ ] Registration of Trust (TRS 4)
- [ ] Trust (TRS 4)
- [ ] Trust Estate Dispute Resolution Act/POA (TDR 4)
- [ ] Will Only—Deceased (WLL4)

**TORT, ASBESTOS**

- [ ] Personal Injury (PIN 2)*
- [ ] Wrongful Death (WDE 2)*

**TORT, MEDICAL MALPRACTICE**

- [ ] Hospital (MED 2)*
- [ ] Medical Doctor (MED 2)*
- [ ] Other Health Care Professional (MED 2)*

**TORT, MOTOR VEHICLE**

- [ ] Death (TMV 2)*
- [ ] Non-Death Injuries (TMV 2)*
- [ ] Property Damage Only (TMV 2)*
- [ ] Victims Vehicle Theft (VVT 2)*

**TORT, NON-MOTOR VEHICLE**

- [ ] Implants (PIN 2)
- [ ] Other Malpractice (MAL 2)*
- [ ] Personal Injury (PIN 2)*
- [ ] Products Liability (TTO 2)*
- [ ] Property Damage (PRP2)*
- [ ] Property Damage-Gang (PRG2)*
- [ ] Tort, Other (TTO 2)*

**WRIT**

- [ ] Habeas Corpus (WHC 2)
- [ ] Mandamus (WRM 2)**
- [ ] Review (WRV 2)**

£ Paternity Affidavit or Existing/Paternity is not an issue and NO other case exists in King County    * The filing party will be given an appropriate case schedule at time of filing.    ** Case schedule will be issued after hearing and findings

FILED

16 AUG 02 AM 9:22

KING COUNTY
SUPERIOR COURT CLERK
E-FILED
CASE NUMBER: 16-2-17302-1 SEA

IN THE SUPERIOR COURT OF THE STATE OF WASHINGTON
IN AND FOR THE COUNTY OF KING

| | |
|---|---|
| TIESHIA BROCK,<br><br>                    Plaintiff,<br><br>vs.<br><br>GROUP HEALTH COOPERATIVE; and<br>DOES 1-10, inclusive,<br><br>                    Defendants. | )<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>) |

No. 16-2-17302-1 SEA

**PROOF OF SERVICE OF SUMMONS
AND COMPLAINT ON DEFENDANT
GROUP HEALTH COOPERATIVE**

I, Eliza Manoff, am not a registered process server. I am an employee of the Civil Rights Justice Center, PLLC. I am over 18, not a party to this action, and competent to testify as to the truth of the matters presented herein.

On July 25, 2016, at approximately 3:20 pm, I served the Summons and Complaint in the above-captioned matter upon defendant Group Health Cooperative by personally handing a copy of the Summons and Complaint to Alice Murphy Soares, VP of Davis, Wright, Tremaine WA LLC, at 1201 Third Avenue #2200, Seattle, WA 98101.

I declare under penalty of perjury that the foregoing is true and correct.

PROOF OF SERVICE OF SUMMONS AND COMPLAINT ON
DEFENDANT GROUP HEALTH COOPERATIVE - 1
Case No. 16-2-17302-1 SEA

DATED this 1st day of August, 2016.

_____
Eliza Manoff

PROOF OF SERVICE OF SUMMONS AND COMPLAINT ON
DEFENDANT GROUP HEALTH COOPERATIVE - 2
Case No. 16-2-17302-1 SEA

Civil Rights Justice Center PLLC
2150 N 107th Street, Suite 520
Seattle, Washington  98133
(206) 557-7719 / Fax: (206) 659-0183

RECEIVED @ DWT

JUL 25 2016

SERVICES/SEATTLE OFFICE

IN THE SUPERIOR COURT OF THE STATE OF WASHINGTON
IN AND FOR THE COUNTY OF KING

| | | |
|---|---|---|
| TIESHIA BROCK, | ) | |
| Plaintiff, | ) | No. 16-2-17302-1 SEA |
| | ) | |
| vs. | ) | **SUMMONS** |
| | ) | |
| GROUP HEALTH COOPERATIVE; and | ) | |
| DOES 1-10, inclusive, | ) | |
| | ) | |
| Defendants. | ) | |
| | ) | |

**TO:    GROUP HEALTH COOPERATIVE**

A lawsuit has been started against you in the above-entitled court.

Plaintiff's claims are stated in the written Complaint for Damages, a copy of which is served upon you with this Summons.

In order to defend against this lawsuit, you must respond to the Complaint by stating your defense in writing, and by serving a copy upon the person signing this Summons within 20 days after the service of this Summons, or within 60 days if this Summons was served outside the State of Washington, excluding the day of service, or a default judgment may be entered against

SUMMONS - 1

Civil Rights Justice Center PLLC
2150 N 107th Street, Suite 520
Seattle, Washington 98133
(206) 557-7719 / Fax: (206) 659-0183

you without notice.  A default judgment is one where Plaintiff is entitled to what has been asked for because you have not responded.  If you serve a notice of appearance on the undersigned person, you are entitled to notice before a default judgment may be entered.  A copy of your answer and all other responsive pleadings must be filed with the Court.

If you wish to seek the advice of an attorney in this matter, you should do so promptly so that your written response, if any, may be served on time.

THIS SUMMONS is issued pursuant to Civil Rule 4, Rules for Superior Court, State of Washington.

DATED this 20th day of July, 2016.

CIVIL RIGHTS JUSTICE CENTER, PLLC

Darryl Parker, WSBA #30770
Attorney for Plaintiff Segura
2150 North 107th St, Ste. 520
Seattle, WA 98133
Tel: (206) 557-7719 / Fax: (206) 659-0183
dparker@civilrightsjusticecenter.com
Attorneys for Plaintiff

SUMMONS - 2

Civil Rights Justice Center PLLC
2150 N 107th Street, Suite 520
Seattle, Washington  98133
(206) 557-7719 / Fax: (206) 659-0183

RECEIVED @ DWT

JUL 25 2016

SERVICES/SEATTLE OFFICE

IN THE SUPERIOR COURT OF THE STATE OF WASHINGTON
IN AND FOR THE COUNTY OF KING

| | |
|---|---|
| TIESHIA BROCK,<br><br>         Plaintiff,<br><br>  vs.<br><br>GROUP HEALTH COOPERATIVE; and<br>DOES 1-10, inclusive,<br><br>        Defendants. | No. 16-2-17302-1 SEA<br><br>**COMPLAINT FOR DAMAGES**<br>(Disability Discrimination) |

## <u>INTRODUCTION</u>

1.     This is an action for damages pursuant to the Washington Law Against Discrimination, RCW 49.60 *et seq.* ("WLAD") against plaintiff Tieshia Brock's former employer, Group Health Cooperative, who, through its intentional discriminatory conduct towards her on the basis of her disability, caused plaintiff to suffer deprivations of her civil and statutory rights as well as financial losses and emotional distress.

**Civil Rights Justice Center PLLC**
2150 N 107th Street, Suite 520
Seattle, Washington 98133
(206) 557-7719 / Fax: (206) 659-0183

## VENUE

2.     Defendant Group Health Cooperative's principal place of business is in Seattle, Washington, within the geographical boundaries of King County.  Thus the appropriate forum for this matter is the Seattle Courthouse.

3.     At all times herein mentioned, defendant Group Health Cooperative was doing substantial business in, and availing itself of business opportunities and commercial benefits in, King County, Washington.

## PARTIES

4.     At all times hereinafter mentioned, plaintiff Tieshia Brock was an adult female resident of the State of Washington, residing in the city of Kent within King County.

5.     At all times hereinafter mentioned, defendant Group Health Cooperative ("GHC") was a member-governed nonprofit cooperative healthcare organization with its headquarters in Seattle, Washington.

## FACTS SUPPORTING CLAIMS

6.     Defendant GHC is the 20th largest employer in Washington State, serving over 600,000 people.

7.     Plaintiff Tieshia Brock began working for GHC on January 9, 2009, as a Coordinated Procedural Scheduler.

8.     On June 17, 2012, plaintiff began working for GHC as a Lab Assistant.

9.     On February 14, 2015, plaintiff was in a serious car accident and suffered injuries which temporarily rendered her unable to work.

10.     Plaintiff took FMLA leave beginning February 16, 2015, which was her first scheduled work shift after her accident, and ending February 22, 2015; defendant GHC approved

COMPLAINT FOR DAMAGES
- 2

Civil Rights Justice Center PLLC
2150 N 107th Street, Suite 520
Seattle, Washington  98133
(206) 557-7719 / Fax: (206) 659-0183

1    this leave. When plaintiff was not sufficiently well to return to work after February 22, 2015,

2    GHC's claims examiner requested a recertification from plaintiff to cover the period from

3    February 23, 2015 onward. Plaintiff was given a due date of March 6, 2015, to return the

4    recertification papers, which is only 7 days. Under 29 CFR § 825.308(d), plaintiff should have

5    been given at least 15 days to return the recertification papers.

6         11.    As a result of plaintiff's failure to return the recertification papers by March 6,

7    2015, defendant GHC retroactively denied plaintiff FMLA leave from February 23, 2015

8    through March 17, 2015.

9         12.    Plaintiff filed a complaint with the U.S. Department of Labor, Wage and Hour

10   Division, regarding defendant's denial of her FMLA leave on April 14, 2015. On September 23,

11   2015, the Division issued a decision stating that defendant GHC had in fact violated plaintiff's

12   FMLA rights.

13        13.    On October 2, 2015, plaintiff was diagnosed with Pseudotumor Cerebri, also

14   known as Idiopathic Intracranial Hypertension, which is a neurological disorder that mimics the

15   symptoms of a brain tumor. The disorder is of unknown etiology, and is caused by an increase in

16   intracranial pressure inside the skull.

17        14.    The symptoms of Pseudotumor Cerebri include swelling of the optic nerve

18   resulting in vision loss; headache that can mimic the symptoms of a brain tumor; nausea,

19   dizziness, and vomiting; auditory disturbances including a pulsating sound from within the ears;

20   and vision disturbances, including double vision, seeing flashes of light, and brief episodes of

21   blindness.

22        15.    Plaintiff requested an accommodation from defendant GHC on October 28, 2015.

23   GHC placed her on paid administrative leave for a short time.

COMPLAINT FOR DAMAGES
- 3

16.     Plaintiff was to return to work on November 16, 2015; unfortunately, plaintiff needed a spinal tap for her disorder, and a spinal tap was performed on November 17, 2015. Plaintiff experienced complications from this spinal tap, including leaking cerebrospinal fluid. As a result, plaintiff was not able to return to work.

17.     On March 16, 2016, Dr. Ito, plaintiff's physician, provided written notice to defendant GHC that she required certain reasonable accommodations. The requested accommodations included a reduced work schedule, breaks if she had severe headaches, a magnifying glass, and a limit of five hours of continuous computer use per shift.

18.     Barely two days later, on March 18, 2016, GHC notified plaintiff that it could not accommodate her, and placed her on unpaid leave beginning March 21, 2016.

19.     Defendant GHC could not possibly have engaged in an interactive process with plaintiff regarding her need for a reasonable accommodation in two days.

20.     Defendant GHC refused to accommodate plaintiff because she filed a complaint with the U.S. Department of Labor when defendant denied her FMLA leave to which she was entitled.

### FIRST CLAIM FOR RELIEF

(Disability Discrimination - WLAD)

21.     Plaintiff incorporates by reference herein the allegations set forth in paragraphs 1 through 20 with the same force and effect as if such paragraphs were separately realleged in this First Claim for Relief.

22.     Plaintiff suffers from Pseudotumor Cerebri, a disabling condition.

23.     Plaintiff made defendant aware of her need for a reasonable accommodation by providing a letter from Dr. Ito stating she could return to work with some restrictions.

COMPLAINT FOR DAMAGES
- 4

Civil Rights Justice Center PLLC
2150 N 107th Street, Suite 520
Seattle, Washington 98133
(206) 557-7719 / Fax: (206) 659-0183

24.     Defendant received Dr. Ito's written description of those restrictions on March 16, 2016. Barely two days later, on March 18, 2016, defendant declined to accommodate plaintiff, instead placing her on unpaid leave.

25.     Because defendant failed to engage in an interactive process with plaintiff, reaching its decision not to accommodate her in a mere two days, plaintiff has been denied the rights and privileges that would allow her to hold employment equally with persons who do not have disabilities.

26.     Defendant, the 20th largest employer in Washington State, could easily have accommodated plaintiff's disability.

27.     As a direct and proximate result of defendant's discriminatory actions against plaintiff, as alleged above, she has suffered severe emotional distress, humiliation, mental anguish, anxiety, mortification, loss of good health, loss of sleep, and emotional and physical distress, and has been injured in an amount according to proof at trial.

28.     As a further direct and proximate result of defendant's discriminatory actions against plaintiff, as alleged above, she has suffered lost wages and lost health benefits, plus interest, in a monetary amount according to proof at trial.

### SECOND CLAIM FOR RELIEF

(Retaliation - WLAD)

29.     Plaintiff incorporates by reference herein the allegations set forth in paragraphs 1 through 28 with the same force and effect as if such paragraphs were separately realleged in this Second Claim for Relief.

30.     Plaintiff, a person with a disability, requested that defendant accommodate her by permitting her to work with restrictions as requested by her treating physician.

Civil Rights Justice Center PLLC
2150 N 107th Street, Suite 520
Seattle, Washington 98133
(206) 557-7719 / Fax: (206) 659-0183

31.     Defendant, who did not want to bother engaging in an interactive process to accommodate plaintiff, simply placed her on unpaid leave without medical benefits.

32.     Defendant's actions were taken in retaliation for plaintiff's inability to work while suffering from the effects of and treatment for Pseudotumor Cerebri, and for her requesting an accommodation to return to work.

33.     As a direct and proximate result of defendant's discriminatory actions against plaintiff, as alleged above, plaintiff has been emotionally harmed in that plaintiff has suffered humiliation, mental anguish, anxiety, mortification, loss of good health, loss of sleep, and emotional and physical distress, and has been injured in mind and body in an amount according to proof at trial.

34.     As a further direct and proximate result of defendant's discriminatory actions against plaintiff, she has suffered lost wages and lost health benefits, plus interest, in a monetary amount according to proof at trial.

## THIRD CLAIM FOR RELIEF

(Interference with Federal Rights under the Family and Medical Leave Act)

35.     Plaintiff incorporates by reference herein the allegations set forth in paragraphs 1 through 34 with the same force and effect as if such paragraphs were separately realleged in this Third Claim for Relief.

36.     Plaintiff was denied the medical leave under the FMLA to which she was entitled when defendant GHC retroactively disapproved her request for leave following her auto accident.

37.     Defendant's stated reason for denying plaintiff her FMLA leave was that she had failed to return the recertification papers on time. Defendant GHC gave plaintiff only 7 days,

COMPLAINT FOR DAMAGES
- 6

from February 27, 2015 to March 6, 2015, to return her recertification papers, instead of the minimum 15 days required by 29 CFR § 825.308(d).

38.     As a proximate result of defendant's actions as alleged above, plaintiff has been harmed in that she has suffered a loss of wages, salary, medical benefits, and additional amounts she would have received if her leave had been granted, plus interest.

39.     As a result of the above interference with plaintiff's FMLA rights, plaintiff has suffered damages in an amount according to proof at trial.

40.     As a further proximate result of defendant's actions as alleged above, plaintiff has been harmed in that she has suffered humiliation, mental anguish, anxiety, mortification, loss of good health, and has been injured in mind and body as follows: plaintiff has suffered severe and continuing shock to her nervous system, stomach and head pain, and loss of sleep, all to her damage in an amount according to proof at trial.

## FOURTH CLAIM FOR RELIEF

(Retaliation for Protected Activities under the FMLA)

41.     Plaintiff incorporates by reference herein the allegations set forth in paragraphs 1 through 40 with the same force and effect as if such paragraphs were separately realleged in this Fourth Claim for Relief.

42.     Plaintiff was placed on unpaid leave after her diagnosis of Pseudotumor Cerebri in part because she engaged in the protected activity of filing a complaint with the U.S. Department of Labor when defendant GHC violated her rights under the FMLA.

43.     Defendant GHC's actions were retaliatory.

Civil Rights Justice Center PLLC
2150 N 107th Street, Suite 520
Seattle, Washington 98133
(206) 557-7719 / Fax: (206) 659-0183

44.    As a proximate result of defendant's actions as alleged above, plaintiff has been harmed in that she has suffered a loss of wages, salary, medical benefits, and additional amounts she would have received if defendant had not placed her on unpaid leave, plus interest.

45.    As a result of such retaliation against plaintiff for complaining of defendant's violations of the FMLA, plaintiff has suffered damages in an amount to be proved at trial.

46.    As a further proximate result of defendant's actions as alleged above, plaintiff has been harmed in that she has suffered humiliation, mental anguish, anxiety, mortification, loss of good health and emotional and physical distress, and has been injured in mind and body as follows: plaintiff has suffered severe and continuing shock to her nervous system, stomach and head pain, and loss of sleep, all to her damage in an amount according to proof at trial.

## **PRAYER**

**WHEREFORE**, Plaintiff prays for judgment against defendant, as follows:

A.    For compensatory, general and special damages in an amount according to proof at trial;

B.    Lost wages in an amount according to proof at trial;

C.    Medical expenses in an amount according to proof at trial;

D.    For prejudgment interest on all damages;

E.    For plaintiff's costs of suit, including statutory attorney's fees;

F.    For all other relief to which plaintiff is entitled in law or equity; and

G.    For such further relief as this Court deems appropriate.

COMPLAINT FOR DAMAGES
- 8

Civil Rights Justice Center PLLC
2150 N 107th Street, Suite 520
Seattle, Washington 98133
(206) 557-7719 / Fax: (206) 659-0183

1    DATED:  July 20, 2016

2                                          CIVIL RIGHTS JUSTICE CENTER, PLLC

3

4

5                                          Darryl Parker, WSBA #30770
                                           Attorneys for Plaintiff
6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

COMPLAINT FOR DAMAGES
- 9

Civil Rights Justice Center PLLC
2150 N 107th Street, Suite 520
Seattle, Washington  98133
(206) 557-7719 / Fax: (206) 659-0183

RECEIVED @ DWT

JUL 2 5 2016

SERVICES/SEATTLE OFFICE

IN THE SUPERIOR COURT OF THE STATE OF WASHINGTON
IN AND FOR THE COUNTY OF KING

| | |
|---|---|
| Tieshia Brock<br><br>Plaintiff(s),<br><br>vs.<br><br>Group Health Cooperative, et al<br><br>Respondent(s) | NO.    16-2-17302-1 SEA<br>ORDER SETTING CIVIL CASE SCHEDULE<br><br>ASSIGNED JUDGE: Parisien, Sue, Dept. 42<br><br>FILED DATE: 7/20/2016<br>TRIAL DATE: 7/17/2017<br>SCOMIS CODE: *ORSCS |

A civil case has been filed in the King County Superior Court and will be managed by the Case Schedule on Page 3 as ordered by the King County Superior Court Presiding Judge.

## I. NOTICES

**NOTICE TO PLAINTIFF:** The Plaintiff may serve a copy of this **Order Setting Case Schedule** (*Schedule*) on the Defendant(s) along with the *Summons and Complaint/Petition*. Otherwise, the Plaintiff shall serve the *Schedule* on the Defendant(s) within 10 days after the later of: (1) the filing of the *Summons and Complaint/Petition* or (2) service of the Defendant's first response to the *Complaint/Petition*, whether that response is a *Notice of Appearance*, a response, or a Civil Rule 12 (CR 12) motion. The *Schedule* may be served by regular mail, with proof of mailing to be filed promptly in the form required by Civil Rule 5 (CR 5).

**"I understand that I am required to give a copy of these documents to all parties in this case."**

| | |
|---|---|
| PRINT NAME | SIGN NAME |

**I. NOTICES  (continued)**

**NOTICE TO ALL PARTIES:**
All attorneys and parties should make themselves familiar with the King County Local Rules [*KCLCR*] -- especially those referred to in this *Schedule*. In order to comply with the *Schedule*, it will be necessary for attorneys and parties to pursue their cases vigorously from the day the case is filed. For example, discovery must be undertaken promptly in order to comply with the deadlines for joining additional parties, claims, and defenses, for disclosing possible witnesses [*See KCLCR 26*], and for meeting the discovery cutoff date [*See KCLCR 37(g)*].

**CROSSCLAIMS, COUNTERCLAIMS AND THIRD PARTY COMPLAINTS:**
A filing fee of **$240** must be paid when any answer that includes additional claims is filed in an existing case.

**KCLCR  4.2(a)(2)**
A Confirmation of Joinder, Claims and Defenses or a Statement of Arbitrability must be filed by the deadline in the schedule. The court will review the confirmation of joinder document to determine if a hearing is required. If a Show Cause order is issued, all parties cited in the order must appear before their Chief Civil Judge.

**PENDING DUE DATES CANCELED BY FILING PAPERS THAT RESOLVE THE CASE:**
When a final decree, judgment, or order of dismissal of all parties and claims is filed with the Superior Court Clerk's Office, and a courtesy copy delivered to the assigned judge, all pending due dates in this *Schedule* are automatically canceled, including the scheduled Trial Date. It is the responsibility of the parties to 1) file such dispositive documents within 45 days of the resolution of the case, and 2) strike any pending motions by notifying the bailiff to the assigned judge.

Parties may also authorize the Superior Court to strike all pending due dates and the Trial Date by filing a *Notice of Settlement* pursuant to KCLCR 41, and forwarding a courtesy copy to the assigned judge. If a final decree, judgment or order of dismissal of all parties and claims is not filed by 45 days after a *Notice of Settlement*, the case may be dismissed with notice.

**If you miss your scheduled Trial Date,** the Superior Court Clerk is authorized by KCLCR 41(b)(2)(A) to present an *Order of Dismissal*, without notice, for failure to appear at the scheduled Trial Date.

**NOTICES OF APPEARANCE OR WITHDRAWAL AND ADDRESS CHANGES:**
*All parties to this action must keep the court informed of their addresses.* When a Notice of Appearance/Withdrawal or Notice of Change of Address is filed with the Superior Court Clerk's Office, parties must provide the assigned judge with a courtesy copy.

**ARBITRATION FILING AND TRIAL DE NOVO POST ARBITRATION FEE:**
A Statement of Arbitrability must be filed by the deadline on the schedule **if the case is subject to mandatory arbitration** and service of the original complaint and all answers to claims, counterclaims and cross-claims have been filed. If mandatory arbitration is required after the deadline, parties must obtain an order from the assigned judge transferring the case to arbitration. **Any party filing a Statement must pay a $220 arbitration fee.** If a party seeks a trial de novo when an arbitration award is appealed, a fee of $250 and the request for trial de novo must be filed with the Clerk's Office Cashiers.

**NOTICE OF NON-COMPLIANCE FEES:**
All parties will be assessed a fee authorized by King County Code 4A.630.020 whenever the Superior Court Clerk must send notice of non-compliance of schedule requirements and/or Local Civil Rule 41.

**King County Local Rules are available  for viewing at www.kingcounty.gov/courts/clerk.**

## II. CASE SCHEDULE

| √ | CASE EVENTS | DATE |
|---|---|---|
| | Case Filed and Schedule Issued. | 7/20/2016 |
| √ | Last Day for Filing Statement of Arbitrability without a Showing of Good Cause for Late Filing [See KCLMAR2.1(a) and Notices on page 2]. **$220 Arbitration fee must be paid** | 12/28/2016 |
| √ | DEADLINE to file Confirmation of Joinder if not subject to Arbitration [See KCLCR 4.2(a) and Notices on page 2] | 12/28/2016 |
| | DEADLINE for Hearing Motions to Change Case Assignment Area [KCLCR 82(e)] | 1/11/2017 |
| | DEADLINE for Disclosure of Possible Primary Witnesses [See KCLCR 26(b)] | 2/13/2017 |
| | DEADLINE for Disclosure of Possible Additional Witnesses [KCLCR 26(b)] | 3/27/2017 |
| | DEADLINE for Jury Demand [See KCLCR 38(b)(2)] | 4/10/2017 |
| | DEADLINE for Change in Trial Date [See KCLCR 40(e)(2)] | 4/10/2017 |
| | DEADLINE for Discovery Cutoff [See KCKCR 37(g)] | 5/30/2017 |
| | DEADLINE for Engaging in Alternative Dispute Resolution [See KCLCR16(b)] | 6/19/2017 |
| | DEADLINE for Exchange Witness & Exhibit Lists & Documentary Exhibits [See KCLCR 4(j)] | 6/26/2017 |
| √ | DEADLINE to file Joint Confirmation of Trial Readiness [See KCLCR 16(a)(1)] | 6/26/2017 |
| | DEADLINE for Hearing Dispositive Pretrial Motions [See KCLCR 56;CR56] | 7/3/2017 |
| √ | Joint Statement of Evidence [See KCLCR 4(k)] | 7/10/2017 |
| | DEADLINE for filing Trial Briefs, Proposed Findings of Fact and Conclusions of Law and Jury Instructions (Do not file proposed Findings of Fact and Conclusion of Law with the Clerk) | 7/10/2017 |
| | Trial Date [See KCLCR 40] | 7/17/2017 |

The √ indicates a document that must be filed with the Superior Court Clerk's Office by the date shown.

## III. ORDER

Pursuant to King County Local Rule 4 [*KCLCR 4*], IT IS ORDERED that the parties shall comply with the schedule listed above. Penalties, including but not limited to sanctions set forth in Local Rule 4(g) and Rule 37 of the Superior Court Civil Rules, may be imposed for non-compliance. It is FURTHER ORDERED that the party filing this action **must** serve this *Order Setting Civil Case Schedule* and attachment on all other parties.

DATED:   7/20/2016

_____
PRESIDING JUDGE

### IV. ORDER ON CIVIL PROCEEDINGS FOR ASSIGNMENT TO JUDGE

**READ THIS ORDER BEFORE CONTACTING YOUR ASSIGNED JUDGE.**
This case is assigned to the Superior Court Judge whose name appears in the caption of this case schedule. The assigned Superior Court Judge will preside over and manage this case for all pretrial matters.

**COMPLEX LITIGATION:** If you anticipate an unusually complex or lengthy trial, please notify the assigned court as soon as possible.

**APPLICABLE RULES:** Except as specifically modified below, all the provisions of King County Local Civil Rules 4 through 26 shall apply to the processing of civil cases before Superior Court Judges. The local civil rules can be found at www.kingcounty.gov/courts/clerk/rules/Civil.

**CASE SCHEDULE AND REQUIREMENTS:** Deadlines are set by the case schedule, issued pursuant to Local Civil Rule 4.

**THE PARTIES ARE RESPONSIBLE FOR KNOWING AND COMPLYING WITH ALL DEADLINES IMPOSED BY THE COURT'S LOCAL CIVIL RULES.**

#### A. Joint Confirmation regarding Trial Readiness Report
No later than twenty one (21) days before the trial date, parties shall complete and file (with a copy to the assigned judge) a joint confirmation report setting forth whether a jury demand has been filed, the expected duration of the trial, whether a settlement conference has been held, and special problems and needs (e.g., interpreters, equipment).

The Joint Confirmation Regarding Trial Readiness form is available at www.kingcounty.gov/courts/scforms. If parties wish to request a CR 16 conference, they must contact the assigned court. Plaintiff's/petitioner's counsel is responsible for contacting the other parties regarding the report.

#### B. Settlement/Mediation/ADR
a. Forty five (45) days before the trial date, counsel for plaintiff/petitioner shall submit a written settlement demand. Ten (10) days after receiving plaintiff's/petitioner's written demand, counsel for defendant/respondent shall respond (with a counter offer, if appropriate).

b. Twenty eight (28) days before the trial date, a Settlement/Mediation/ADR conference shall have been held. FAILURE TO COMPLY WITH THIS SETTLEMENT CONFERENCE REQUIREMENT MAY RESULT IN SANCTIONS.

#### C. Trial
Trial is scheduled for 9:00 a.m. on the date on the case schedule or as soon thereafter as convened by the court. The Friday before trial, the parties should access the court's civil standby calendar on the King County Superior Court website www.kingcounty.gov/courts/superiorcourt to confirm the trial judge assignment.

### MOTIONS PROCEDURES

#### A. Noting of Motions

**Dispositive Motions:** All summary judgment or other dispositive motions will be heard with oral argument before the assigned judge. The moving party must arrange with the hearing judge a date and time for the hearing, consistent with the court rules. Local Civil Rule 7 and Local Civil Rule 56 govern procedures for summary judgment or other motions that dispose of the case in whole or in part. The local civil rules can be found at www.kingcounty.gov/courts/clerk/rules/Civil.

**Non-dispositive Motions:** These motions, which include discovery motions, will be ruled on by the assigned judge without oral argument, unless otherwise ordered. All such motions must be noted for a date by which the ruling is requested; this date must likewise conform to the applicable notice requirements. Rather than noting a time of day, the

Note for Motion should state "Without Oral Argument." Local Civil Rule 7 governs these motions, which include discovery motions. The local civil rules can be found at www.kingcounty.gov/courts/clerk/rules/Civil.

**Motions in Family Law Cases not involving children:** Discovery motions to compel, motions in limine, motions relating to trial dates and motions to vacate judgments/dismissals shall be brought before the assigned judge. All other motions should be noted and heard on the Family Law Motions calendar. Local Civil Rule 7 and King County Family Law Local Rules govern these procedures. The local rules can be found at www.kingcounty.gov/courts/clerk/rules.

**Emergency Motions:** Under the court's local civil rules, emergency motions will usually be allowed only upon entry of an Order Shortening Time. However, some emergency motions may be brought in the Ex Parte and Probate Department as expressly authorized by local rule. In addition, discovery disputes may be addressed by telephone call and without written motion, if the judge approves in advance.

**B. Original Documents/Working Copies/ Filing of Documents: All original documents must be filed with the Clerk's Office.** Please see information on the Clerk's Office website at www.kingcounty.gov/courts/clerk regarding the requirement outlined in LGR 30 that attorneys must e-file documents in King County Superior Court. The exceptions to the e-filing requirement are also available on the Clerk's Office website. The local rules can be found at www.kingcounty.gov/courts/clerk/rules.

The working copies of all documents in support or opposition must be marked on the upper right corner of the first page with the date of consideration or hearing and the name of the assigned judge. The assigned judge's working copies must be delivered to his/her courtroom or the Judges' mailroom. Working copies of motions to be heard on the Family Law Motions Calendar should be filed with the Family Law Motions Coordinator. Working copies can be submitted through the Clerk's office E-Filing application at www.kingcounty.gov/courts/clerk/documents/eWC.

**Service of documents:** Pursuant to Local General Rule 30(b)(4)(B), e-filed documents shall be electronically served through the e-Service feature within the Clerk's eFiling application. Pre-registration to accept e-service is required. E-Service generates a record of service document that can be e-filed. Please see the Clerk's office website at www.kingcounty.gov/courts/clerk/documents/efiling regarding E-Service.

**Original Proposed Order:** Each of the parties must include an original proposed order granting requested relief with the working copy materials submitted on any motion. **Do not file the original of the proposed order with the Clerk of the Court.** Should any party desire a copy of the order as signed and filed by the judge, a pre-addressed, stamped envelope shall accompany the proposed order. The court may distribute orders electronically. Review the judge's website for information: www.kingcounty.gov/courts/SuperiorCourt/judges.

**Presentation of Orders for Signature:** All orders must be presented to the assigned judge or to the Ex Parte and Probate Department, in accordance with Local Civil Rules 40 and 40.1. Such orders, if presented to the Ex Parte and Probate Department, shall be submitted through the E-Filing/Ex Parte via the Clerk application by the attorney(s) of record. E-filing is not required for self-represented parties (non-attorneys). If the assigned judge is absent, contact the assigned court for further instructions. If another judge enters an order on the case, counsel is responsible for providing the assigned judge with a copy.

**Proposed orders finalizing settlement and/or dismissal by agreement of all parties shall be presented to the Ex Parte and Probate Department.** Such orders shall be submitted through the E-Filing/Ex Parte via the Clerk application by the attorney(s) of record. E-filing is not required for self-represented parties (non-attorneys). Formal proof in Family Law cases must be scheduled before the assigned judge by contacting the bailiff, or formal proof may be entered in the Ex Parte Department. **If final order and/or formal proof are entered in the Ex Parte and Probate Department, counsel is responsible for providing the assigned judge with a copy.**

**C. Form**
Memoranda/briefs for matters heard by the assigned judge may not exceed twenty four (24) pages for dispositive motions and twelve (12) pages for non-dispositive motions, unless the assigned judge permits over-length memoranda/briefs in advance of filing. Over-length memoranda/briefs and motions supported by such memoranda/briefs may be stricken.

*IT IS SO ORDERED.  FAILURE TO COMPLY WITH THE PROVISIONS OF THIS ORDER MAY RESULT IN DISMISSAL OR OTHER SANCTIONS.  PLAINTIFF/PEITITONER SHALL FORWARD A COPY OF THIS ORDER AS SOON AS PRACTICABLE TO ANY PARTY WHO HAS NOT RECEIVED THIS ORDER.*

**PRESIDING  JUDGE**

FILED

16 JUL 28 PM 3:03

KING COUNTY
SUPERIOR COURT CLERK
E-FILED
CASE NUMBER: 16-2-17302-1 SEA

SUPERIOR COURT OF THE STATE OF WASHINGTON
KING COUNTY

| | |
|---|---|
| TIESHIA BROCK, | ) |
| | ) |
| Plaintiff, | ) No. 16-2-17302-1 SEA |
| | ) |
| v. | ) **NOTICE OF APPEARANCE** |
| | ) |
| GROUP HEALTH COOPERATIVE; and | ) |
| DOES 1-10, inclusive, | ) |
| | ) **CLERK'S ACTION REQUIRED** |
| Defendants. | ) |

TO:        The Clerk of the Court,

AND TO:  Darryl Parker, CIVIL RIGHTS JUSTICE CENTER, PLLC, Attorneys for Plaintiff

PLEASE TAKE NOTICE that the undersigned attorneys hereby appear in the above-entitled action as counsel for the Defendant, Group Health Cooperative, and request that all future papers and pleadings, except original process, be served upon the undersigned attorneys at the address stated below.

Davis Wright Tremaine LLP
LAW OFFICES
Suite 2200
1201 Third Avenue
Seattle, WA  98101-3045
206.622.3150 main · 206.757.7700 fax

1    DATED this 28th day of July, 2016.

2
                                    Davis Wright Tremaine LLP
3                                   Attorneys for Defendant
                                    GROUP HEALTH COOPERATIVE
4

5                                   By  s/ Sheehan Sullivan Weiss
                                       Sheehan Sullivan Weiss, WSBA #33189
6                                      1201 Third Avenue, Suite 2200
                                       Seattle, Washington 98101-3045
7                                      Telephone: (206) 622-3150
                                       Fax: (206) 757-7700
8                                      E-mail:  sheehansullivanweiss@dwt.com

9
                                    By  s/ Katharine M. Tylee
10                                     Katharine M. Tylee
                                       WSBA #40640
11                                     777 108th Avenue NE, Suite 2300
                                       Bellevue, WA  98004-5149
12                                     Telephone: (425) 646-6100
                                       Fax: (425) 646-6199
13                                     Email: katetylee@dwt.com

14

15

16

17

18

19

20

21

22

23

NOTICE OF APPEARANCE - 2
DWT 30116034v1 0050033-006289

Davis Wright Tremaine LLP
LAW OFFICES
Suite 2200
1201 Third Avenue
Seattle, WA  98101-3045
206.622.3150 main · 206.757.7700 fax

1

## CERTIFICATE OF SERVICE

2      The undersigned certifies under the penalty of perjury under the laws of the State of

3   Washington that I am now and at all times herein mentioned, a citizen of the United States, a

4   resident of the state of Washington, over the age of eighteen years, not a party to or interested

5   in the above-entitled action, and competent to be a witness herein.

6      On this date I caused to be served in the manner noted below a copy of the document

7   entitled **Notice of Appearance** on the following:

8                    Darryl Parker
                    Civil rights Justice Center PLLC
9                    2150 107th Street, Suite 520
                    Seattle, WA  98133
10

11   BY:

12   | X | U.S. MAIL |

13   | | HAND DELIVERED – Northwest Legal Messengers |

14   | | FACSIMILE |

15   | | VIA OVERNIGHT MAIL |

16

17   DATED this 28th day of July, 2016.

18

19                                      Patricia L. Holman

20

21

22

23

NOTICE OF APPEARANCE - 3
DWT 30116034v1 0050033-006289

Davis Wright Tremaine LLP
LAW OFFICES
Suite 2200
1201 Third Avenue
Seattle, WA  98101-3045
206.622.3150 main · 206.757.7700 fax